UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| KENT MADDOX AND PAULINE SIMMONS MADDOX | CIVIL ACTION NO. 6:20-cv-00873 |
| VERSUS | JUDGE JUNEAU |
| CHANEY LUMBER & SUPPLY, INC., ET AL. | MAGISTRATE JUDGE HANNA |

## **REPORT AND RECOMMENDATION**

Currently pending is the motion for remand and for the recovery of costs and attorneys' fees (Rec. Doc. 6) that was filed by the plaintiffs, Kent Maddox and Pauline Simmons Maddox. The motion is opposed. (Rec. Doc. 8). The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the motion be granted in part and denied in part.

## **Background**

This lawsuit originated in the 16th Judicial District Court, Iberia Parish, Louisiana, and this is the second time that the case was removed to this forum. In their petition for damages, the plaintiffs alleged that they purchased windows, doors, and related appurtenances from defendant Chaney Lumber & Supply, Inc. for a new

home they were building, all of which were manufactured by defendant Jeld-Wen, Inc. After the plaintiffs noticed that the windows and doors were deteriorating, the plaintiffs sued Chaney, Jeld-Wen, and a fictitiously-named insurance company. They asserted causes of action for redhibition, violation of the Louisiana Unfair Trade Practices Act, breach of express and implied warranties, negligent misrepresentation, and detrimental reliance.

Jeld-Wen removed the action to this forum,[1] alleging that the court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332 because the amount in controversy exceeds the statutory minimum and the parties are diverse in citizenship when the citizenship of two defendants is disregarded. Jeld-Wen argued that the citizenship of the fictitious insurance company[2] and that of Chaney did not have to be considered in determining whether the court has subject-matter jurisdiction over this action. More specifically, Jeld-Wen argued that Chaney was improperly joined as a defendant in the suit because there is no reasonable possibility that the plaintiffs could recover against Chaney.

---

[1]   Civil Action No. 19-cv-01139 was assigned to the action the first time it was removed.

[2]   It is undisputed that the citizenship of a defendant sued under a fictitious name is disregarded for purposes of determining whether the parties are diverse. *Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 475 (5th Cir. 2001); 28 U.S.C. § 1441(b)(1).

The plaintiffs responded with a motion to remand, arguing that the court lacks subject-matter jurisdiction because Chaney is a properly joined nondiverse party. This Court decided that the plaintiffs had asserted a plausible redhibition claim against Chaney and remanded the case to state court.[3] The parties undertook discovery, and Jeld-Wen again removed the case to this forum, arguing once again that Chaney was improperly joined. The plaintiffs then filed their second motion for remand, which is now before the court for resolution.

## Law and Analysis

"Federal courts are courts of limited jurisdiction. Absent jurisdiction conferred by statute, district courts lack power to consider claims."[4] Federal courts have subject-matter jurisdiction only over civil actions presenting a federal question[5] and those in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states.[6] A suit is presumed to lie beyond the scope of federal-court jurisdiction until the party invoking federal-court

---

[3] Rec. Docs. 11 and 15 in Civil Action No. 19-cv-01139.

[4] *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994). See, also, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

[5] 28 U.S.C. § 1331.

[6] 28 U.S.C. § 1332.

jurisdiction establishes otherwise.[7]  Similarly, any doubts regarding whether removal jurisdiction is proper should be resolved against federal-court jurisdiction.[8] The party invoking the court's subject-matter jurisdiction has the burden of establishing the court's jurisdiction.[9]  Thus, when a lawsuit has been removed from state court, as this suit has, the removing party must bear that burden.[10]  Accordingly, Jeld-Wen has the burden of establishing that this court has subject-matter jurisdiction over this action.  Remand is required "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[11]

## A.   Diversity of Citizenship

In both removal notices, Jeld-Wen alleged that the court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 exclusive of interest and costs, and the citizenship of the plaintiff is diverse from that of all of the defendants when Chaney's citizenship

---

[7]   *Kokkonen v. Guardian Life*, 511 U.S. at 377; *Howery v. Allstate*, 243 F.3d at 916.

[8]   *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

[9]   *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Gaitor v. Peninsular & Occidental S. S. Co.*, 287 F.2d 252, 253 (5th Cir. 1961).

[10]  *Shearer v. Southwest Service Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008); *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005).

[11]  28 U.S.C. § 1447(c).

is disregarded.[12]  In the previous iteration of this lawsuit, this Court found that the plaintiffs are Louisiana citizens, that Jeld-Wen is a citizen of Delaware and North Carolina, that Chaney is a citizen of Louisiana, and that the citizenship of the defendant sued under a fictitious name is immaterial.[13]  Therefore, this Court found that Chaney is not diverse in citizenship from the plaintiffs.  No evidence has been presented in the new version of the lawsuit to change those conclusions.

**B.**   **Improper Joinder**

In support of the instant motion, the plaintiffs again argued that Chaney's lack of diversity precludes subject-matter jurisdiction.  In opposition, Jeld-Wen again argued that Chaney's citizenship does not destroy the court's subject-matter jurisdiction because Chaney was improperly joined as a defendant in this lawsuit.

The doctrine of improper joinder is a narrow exception to the complete diversity requirement.[14]  The removal statutes "entitle a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'"[15]  "[T]he focus of the inquiry must be on the joinder, not the merits of the plaintiff's case."[16]

---

[12]  See 28 U.S.C. § 1332(a).

[13]  Rec. Doc. 11 at 5-6 in Civil Action No. 19-cv-01139.

[14]  *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011); *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005).

[15]  *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

[16]  *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d at 573.

To establish improper joinder, Jeld-Wen must prove either actual fraud in the pleading of jurisdictional facts, or the plaintiffs' inability to establish a cause of action against the nondiverse party in state court.[17] Here, there is no allegation of actual fraud. Therefore, the test for improper joinder is

> whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.[18]

A defendant contending that a nondiverse party is improperly joined has a heavy burden of proof.[19] The court must evaluate the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving contested issues of substantive fact in favor of the plaintiff.[20] The sufficiency of a plaintiff's state-court petition for purposes of the improper joinder analysis is measured under federal pleading standards.[21] Thus, the analysis used to determine

---

[17] *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)).

[18] *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d at 573 (citing *Travis v. Irby*, 326 F.3d at 648).

[19] *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983).

[20] *Green v. Amerada Hess*, 707 F.2d at 205; *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005).

[21] *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016).

whether a defendant is improperly joined is the same as that used to determine whether a claim has been stated under Fed. R. Civ. P. 12(b)(6). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."[22]

Under that standard, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[23] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[24] "Factual allegations must be enough to raise a right to relief above the speculative level. . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[25] As part of this analysis, the court must separate legal conclusions from well-pleaded facts[26] then review the well-pleaded factual allegations, assume them to be true, and determine whether they "plausibly give rise to an entitlement of relief."[27] "[A] single

---

[22] *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d at 573.

[23] *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[24] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[25] *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555.

[26] *Ashcroft v. Iqbal*, 556 U.S. at 678-79.

[27] *Ashcroft v. Iqbal*, 556 U.S. at 679.

valid cause of action against in-state defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court."[28]

Five separate causes of action were set forth in the plaintiffs' petition, the first of which is a redhibition claim.  In resolving the plaintiffs' first motion to remand, this Court found that the allegations of the plaintiffs' petition sufficiently articulated a plausible redhibition claim.  The plaintiffs alleged that Chaney was the seller and they were the purchasers of the Jeld-Wen doors, windows, and appurtenances.  They alleged that the products they purchased were unfit for the ordinary purposes for which they were to be used.  Presumably, the plaintiffs would not have purchased these items if they had known about the alleged defects – or they would have bought them but at a lower price.  This Court therefore found that the presence of the nondiverse defendant in the lawsuit destroyed complete diversity among the parties, and the action was remanded to state court.[29]

Jeld-Wen now reiterates its claim that the plaintiffs have no reasonable possibility of recovery against Chaney, basing their argument on evidence gathered in discovery and arguing that this Court should undertake a summary inquiry so that evidence beyond the four corners of the plaintiffs' petition may be considered.  In

---

[28]     *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 412 (5th Cir. 2004).  See, also, *Green v. Amerada Hess Corp.*, 707 F.2d at 208 ("If even one of Green's many claims might be successful, a remand to state court is necessary.").

[29]     Rec. Docs. 11, 15.

deciding whether a defendant was improperly joined, a court must proceed as follows:

> First, a court looks at the allegations contained in the complaint. If a plaintiff can survive a Rule 12(b)(6) challenge for failure to state a claim, there is ordinarily no improper joinder. When a complaint states a claim that satisfies 12(b)(6), but has misstated or omitted discrete facts that would determine the propriety of joinder. . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry. The decision regarding the procedure necessary in a given case must lie within the discretion of the trial court.[30]

Thus, a court, in its discretion, must either conduct a Rule 12(b)(6)-type analysis, or pierce the pleadings and conduct a summary inquiry.[31] This Court has already conducted a Rule 12(b)(6) analysis and now finds that conducting a summary inquiry would not change its conclusion that this action should be remanded to state court.

Importantly, as a threshold matter, a "summary inquiry" should not be confused with a "summary judgment inquiry." In a summary inquiry, the court considers summary-judgment type evidence, but "the standard for finding improper joinder is not the summary judgment standard in which an absence in the plaintiff's proof alone can be fatal."[32] Instead, the removing defendant must affirmatively

---

[30] *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) (internal citations and quotation marks omitted).

[31] See *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d at 207.

[32] *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d at 766.

preclude the possibility of recovery.[33] In a summary inquiry, any contested issues of fact and any ambiguities of state law must be resolved in the plaintiff's favor.[34]

This Court previously found that the plaintiffs stated a plausible redhibition claim; therefore, a summary inquiry is warranted only if this is one of the rare cases in which the plaintiff has "misstated or omitted discrete facts that would determine the propriety of joinder."[35] The Fifth Circuit has offered examples of the type of facts that, if omitted or misstated, might preclude the possibility of recovery against a nondiverse defendant: an in-state doctor defendant did not treat the plaintiff, an in-state pharmacist defendant did not fill a prescription for the plaintiff patient, or a party's residence was not as alleged.[36] While these examples are not exclusive, the type of facts that fall into this category must be such that they "easily can be disproved if not true."[37] Thus, if Jeld-Wen had shown that Chaney did not sell the windows and doors to the plaintiffs, Jeld-Wen would have established that the

---

[33] *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d at 766.

[34] *Travis v. Irby*, 326 F.3d at 649.

[35] *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d at 573.

[36] *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d at 574 n. 12.

[37] *Cumpian v. Alcoa World Alumina, L.L.C.*, 910 F.3d 216, 220 (5th Cir. 2018) (citing *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d at 766 (quoting *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d at 574 n. 12)).

plaintiffs had no possibility of recovery against Chaney. But that is not the type of evidence to which this Court has been directed.

Instead, Jeld-Wen is primarily arguing, based on deposition testimony cited in its briefing, that the plaintiffs have no evidence that Chaney knew that the doors and windows it sold the plaintiffs were defective at the time of the purchase. That is not the type of discrete and undisputed facts outside the pleadings that is consistent with the test for precluding the possibility of recovery. "[T]he lack of substantive evidence as to the non-diverse defendant does not support a conclusion that he was fraudulently joined."[38] This was illustrated in *Taylor v. Interstate Hyundai, Inc.*,[39] where the plaintiff had alleged a redhibition claim only "tangentially," and in *Poole v. Thor Industries, Inc.*[40] where redhibition claims were articulated against nondiverse sellers.

In *Poole*, the court addressed the precise issue now before this court and found that "whether there was a defect of which [the defendants] had knowledge is a question of fact and law to be resolved after adequate time for discovery. To the

---

[38] *Travis v. Irby*, 326 F.3d at 650. See, also, *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d at 766-68.

[39] *Taylor v. Interstate Hyundai, Inc.*, No. 17-1300, 2018 WL 1548898, at *5 (W.D. La. Mar. 5, 2018), report and recommendation adopted, 2018 WL 1541992 (W.D. La. Mar. 29, 2018).

[40] *Poole v. Thor Industries, Inc.*, No. 18-956-JWD-RLB, 2019 WL 3526706 (M.D. La. June 17, 2019), report and recommendation adopted, 2019 WL 3526701 (M.D. La. July 3, 2019).

extent there is a factual dispute as to the knowledge of the [defendants] about the condition of the RV, these are not the type of discrete facts that are appropriate for determining improper joinder."[41]

Furthermore, even if the plaintiffs are not ultimately able to prove that Chaney knew about the alleged defects before the sale, the plaintiffs would not be able to establish a bad faith redhibition claim but might still be able to establish a good faith redhibition claim against Chaney. Although the plaintiffs' petition expressly articulated a claim against Chaney for the willful violation of Louisiana's redhibition laws, the petition refers, several times, to "Louisiana Civil Code Art. 2520, et seq.," thus referencing the entirety of Louisiana's redhibition law. Furthermore, the specific allegations concerning redhibition, which are set forth at pages five through seven of the petition, are broad enough to encompass both good faith and bad faith redhibition claims despite the inclusion of the word "willful" in two places. In determining whether Chaney's joinder was improper, this Court is required to accept all unchallenged factual allegations in the petition in the light most favorable to the plaintiffs, to take into account the status of discovery, and to consider the plaintiff's development of their claims against the nondiverse defendant.[42] Jeld-Wen incorrectly reads the petition as asserting only a bad faith redhibition claim and cited

---

[41] *Poole v. Thor Industries, Inc.*, 2019 WL 3526706 at 7.

[42] *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d at 765.

12

deposition testimony to show that the plaintiffs have no evidence to support a bad faith redhibition claim against Chaney. Jeld-Wen did not argue that the deposition testimony forecloses a good faith redhibition claim against Chaney. Therefore, reading the allegations of the petition in the plaintiffs' favor, as it must, this Court cannot conclude that the plaintiffs have no possibility of recovery against Chaney.

Jeld-Wen has not identified any discrete fact set forth in the plaintiffs' complaint that was misstated or any discrete fact that was omitted from the complaint that would preclude recovery against Chaney. Instead, Jeld-Wen argued that a lack of evidence identified in discovery should be accepted as an admission for the purpose of changing the forum. They argued that the plaintiffs "have no evidence to show that Chaney had knowledge of any alleged defects in the windows and doors prior to the sale."[43] While that might be a valid basis for a motion for summary judgment, it is not a sufficient basis for changing the court's conclusion, reached the first time this case was in this forum, that the plaintiffs' petition stated a plausible redhibition claim against Chaney. Accordingly, it is not necessary for this Court to determine whether any of the other four claims would also survive a Rule 12(b)(6) challenge. Furthermore, the Fifth Circuit has "frequently cautioned the district courts against pretrying a case to determine removal jurisdiction."[44] Allowing a

---

[43] Rec. Doc. 11 at 7, 16.

[44] *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990).

13

change of forum at this time would require this Court to accept deposition testimony in lieu of trial testimony without requiring a formal motion for summary judgment and essentially trying the case prematurely.

Finally and fundamentally, Jeld-Wen has the burden, as the removing party, to prove that federal-court jurisdiction exists. But Jeld-Wen has not carried that heavy burden. Therefore, it would not be unfair to remand this case. For the foregoing reasons, this Court will recommend that the plaintiffs' motion to remand should be granted.

**D.    Attorneys' Fees**

The plaintiffs included in their motion a request for the recovery of attorneys' fees. Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal." The United States Supreme Court has instructed that "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."[45] However, the decision of whether to award attorneys' fees remains within the district court's discretion.[46]

---

[45]    *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). See, also, *American Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 541-42 (5th Cir. 2012).

[46]    *Martin v. Franklin Capital Corp.*, 546 U.S. at 141. See, also, *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 291 (5th Cir. 2000).

In this case, this Court found that the plaintiff's motion should be granted, and this case should be remanded to state court. However, this Court cannot conclude that the defendant's decision to remove the case was objectively unreasonable since the doctrine of improper joinder might have been applicable. Accordingly, this Court will not recommend that the plaintiffs be awarded costs or attorneys' fees incurred due to the removal.

## **Conclusion**

For the foregoing reasons, IT IS RECOMMENDED that the plaintiffs' motion (Rec. Doc. 6) should be GRANTED to the extent that the plaintiffs seek remand of this action to state court, and this matter should be REMANDED to the 16th Judicial District Court, Iberia Parish, Louisiana.

IT IS FURTHER RECOMMENDED that, to the extent the plaintiffs' motion seeks the recovery of costs and attorneys' fees, the motion should be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.[47]

Signed at Lafayette, Louisiana, this 10th day of September 2020.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[47] See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).